IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHAD A. GANTT, | ) |
| | ) |
| Plaintiff, | ) No. 2:22-cv-04224-DCN |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| THE CITY OF NORTH CHARLESTON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 48, on defendant City of North Charleston's (the "City") motion for summary judgment, ECF No. 36. For the reasons set forth below, the court adopts the R&R and grants the City's motion.

## I. BACKGROUND[1]

This is an employment discrimination case stemming from plaintiff Chad A. Gantt's ("Gantt") claims that the City terminated his employment because of his religious objections to taking the COVID-19 vaccine.

Gantt was employed by the City as a police officer from 2009 until the City terminated his employment in 2021. See ECF No. 36-4 at 24:12–18, 98:10–15; 36-14 (letter terminating employment). On September 1, 2021, the City's Mayor R. Keith Summey ("Mayor Summey") issued Executive Order Number 2021-0001 (the

---

[1] As will be explained in more detail later in this order, Gantt's objections could be read as disagreement with the magistrate judge's recitation of the facts in the R&R, but he does not specifically say which aspects of the magistrate judge's factual recitation are erroneous. See ECF No. 49. The court finds that the facts recited by the magistrate judge gives an accurate and detailed accounting of the relevant case background. The court provides only a brief summary of the relevant facts here for the purpose of aiding an understanding of the court's analysis.

1

"Executive Order"), requiring that all City employees become fully vaccinated for COVID-19 by November 5, 2021.  ECF No. 41-3 at 2; see also Bauer v. Summey, 568 F. Supp. 3d 573, 582–83 (D.S.C. 2021) (describing the Executive Order in more detail).  On September 20, 2021, Gantt submitted a written request for a religious exemption from the Executive Order's vaccination requirement.  ECF No. 36-9.  In this request, Gantt explained that, as a devout Pentecostal Christian, he has a religious objection to abortion.  Id. at 4.  He stated that, because "[d]evelopers of the COVID-19 vaccine developed the vaccines by using fetal cell lines, which originated from aborted fetuses," partaking in the vaccine would violate his religious beliefs.  Id.

On November 18, 2021, the City denied Gantt's request because, among other reasons, "the nature of [Gantt's] duties as a police officer, regardless of rank, is such that the alternative methods of preventing spread of COVID are not practical."  ECF No. 36-12 at 2.  The City's response indicated that Gantt's deadline for compliance with the vaccination requirement was noon on Friday, December 3, 2021.  Id. at 2–3.  On December 1, 2021, the City notified Gantt that he was not in compliance with the vaccination requirement and that, if he did not provide documentation of compliance, he would not be eligible to continue his employment with the City after the end of his shift on December 3, 2021.  ECF No. 36-13 at 2.  On December 10, 2021, the City sent Gantt a letter to notify him that his employment was terminated because he had failed to comply with the vaccination requirement.  ECF No. 36-14 at 2.

Gantt filed a Charge of Discrimination on July 13, 2022, and the United States Equal Employment Opportunity Commission issued a determination and notice of right to sue on September 29, 2022.  ECF Nos. 36-6; 36-7.  Gantt then initiated this lawsuit by

filing his compliant on November 23, 2022. ECF No. 1, Compl. He asserted two causes of action: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; and (2) retaliation for complaints regarding religious discrimination in violation of Title VII. Compl. ¶¶ 28–53.

The City moved for summary judgment on both of Gantt's claims on February 19, 2024. ECF No. 36. Gantt responded in opposition to the City's motion on April 7, 2024, ECF No. 41, to which the City replied on May 9, 2024, ECF No. 47. Pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.), the action was thereafter referred to Magistrate Judge Cherry for pretrial proceedings. On July 25, 2024, Magistrate Judge Cherry issued the R&R in which she recommended that the court grant the City's motion for summary judgment and dismiss this case. ECF No. 48, R&R. Gantt objected to the R&R on April 7, 2024, ECF No. 49, and the City replied to Gantt's objections on September 16, 2024, ECF No. 54. As such, this matter is fully briefed and ripe for the court's review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Analogously, de novo review is unnecessary when a party makes general and conclusory

objections without directing the court's attention to a specific error in a magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In so doing, the court must view the evidence in the

4

light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III. DISCUSSION

In her R&R, the magistrate judge recommended granting summary judgment on both of Gantt's causes of action. R&R at 9–29. In so doing, the magistrate judge explained that Gantt's first cause of action—religious discrimination under Title VII—could be brought under two different theories: disparate treatment or failure to accommodate. Id. at 21–22. She found Gantt's pleadings unclear on which theory he was pursuing and therefore analyzed his claim under both theories. Id. at 9–25. Thus, the magistrate judge ultimately made three recommendations: (1) grant summary judgment on Gantt's religious discrimination claim to the extent it is brought under a failure to accommodate theory, (2) grant summary judgment on Gantt's discrimination claim to the extent it is brought under a disparate treatment theory, and (3) grant summary judgment on Gantt's retaliation claim. Id. at 9–29.

Gantt does not object to the magistrate judge's interpreting his first claim as being brought under both failure to accommodate and disparate treatment theories. See ECF No. 49 ¶¶ 5–6, 17. Gantt challenges all three of the magistrate judge's conclusions across nineteen enumerated objections. See id. ¶¶ 1–19. However, his first four objections and his nineteenth objection espouse general legal principals, which do not relate specifically to the magistrate judge's analysis of either of his specific causes of action. See id. ¶¶ 1–4, 19. Thus, the court will begin by discussing these five objections and briefly reviewing what constitutes a specific objection. After that, the court will analyze Gantt's

5

remaining objections to the extent they relate to the magistrate judge's three recommendations.

### A. General Objections

To be specific, an objection must reasonably "alert the district court of the true ground for the objection. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (citations and internal quotation marks omitted). It is for this reason that "general and conclusory objections," which "do not direct the court to a specific error in the magistrate's proposed findings and recommendations," are not sufficient to trigger de novo review. Orpiano, 687 F.2d at 47.

Gantt's first four and nineteenth objections state:

1. The Court failed to analyze the facts of the Plaintiff's claims in the light most favorable to the Plaintiff considering the questions of fact that are available to the court and should be referred to a jury for determination.
2. The Court joins with the Defendant to deprive the Plaintiff of essential constitutional rights of the right to earn a living free of discrimination based on his religion.
3. The Court committed an outrageous error when it decided to accept the Defendant's rendition of facts regarding the decision to terminate the plaintiff and allow the subjugation of the Plaintiff's religious freedoms guaranteed by the constitution of the United States.
4. The Magistrate erred in finding that Summary Judgment is appropriate. Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary Judgment is clearly not appropriate here as Mr. Gantt has clearly shown that he has not been properly accommodated under the law.

   . . . .

19. The Court should immediately vacate, annul and rescind the report and recommendation presented by the Magistrate on July 19, 2024, as it is

> extremely prejudicial, fails to consider the facts in a light most favorable to the non-moving party and fails to legitimately determine that the Defendant is entitled to judgment as a matter of law.

ECF No. 49 ¶¶ 1–4, 19.

The court finds that these objections are not specific, as they do not direct the court to any particular defect in the magistrate judge's reasoning. See Orpiano, 687 F.2d at 47. To the extent these objections could be read as disagreeing with the magistrate judge's recitation of the facts of this case, Gantt does not point the court to any specific factual errors in the R&R, and the court finds that the magistrate judge accurately described the facts as they appear in the record. See R&R at 1–7. Likewise, to the extent Gantt objects to the magistrate judge's application of an incorrect legal standard, these objections do not point to any place in the R&R where the magistrate judge applied the wrong standard, and the court finds that the magistrate judge applied the correct legal standard throughout her discussion. See id. at 7–29. In short, these objections state little more than "I object," and they are therefore neither specific nor helpful. See Elijah, 66 F.4th at 460.

### B. Failure to Accommodate

The court now moves to Gantt's objections related to his failure to accommodate theory. Gantt does not object to the magistrate judge's articulation of the law governing this theory, and the court finds the magistrate judge's recitation of the law to be accurate. The magistrate judge correctly explained that courts in this circuit analyze claims brought under this theory by employing a burden-shifting framework similar to that articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). R&R at 9 (citing EEOC v. Firestone Fibers & Textile Co., 515 F.3d 307, 312 (4th Cir. 2008)). Under this framework, the plaintiff faces the initial burden of establishing a prima facie

case—that is, the plaintiff must show "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." Firestone, 515 F.3d at 312 (alteration in original) (quoting Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019 (4th Cir. 1996)). "If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship." Id. (alteration in original) (quoting Chalmers, 101 F.3d at 1019).

When analyzing whether Gantt had established his prima facie case, the magistrate judge noted that the City conceded the second and third elements in its motion. R&R at 10. Therefore, the only issue for the magistrate judge to decide was whether Gantt established the first element. Id. In other words, the only issue was whether Gantt had established that he had "a bona fide religious belief that conflict[ed] with an employment requirement." Firestone, 515 F.3d at 312. At length, the magistrate judge examined the evidence in the record concerning Gantt's religious background and his specific request to the City for a religious accommodation. R&R at 10–13. After conducting this thorough review, the magistrate judge concluded that there was sufficient evidence in the record from which a reasonable jury could find that Gantt "ha[d] a sincerely held belief that abortion is wrong, such that he cannot accept a vaccine developed using fetal cells, and that this belief is 'religious' in nature, as opposed to social, political, or economic views or personal preference." Id. at 13.

However, the magistrate judge then noted that Gantt had not produced "any evidence to support a finding that the Executive Order's employment requirement—

receiving a COVID-19 vaccine—conflicts with his bona fide religious belief, as required to establish the first element of his prima face case." Id. at 14. In essence, Gantt had not pointed to any evidence to show that fetal cell lines were used in the testing or development of the COVID-19 vaccines. Id. at 14–15. In other words, even though the magistrate judge found Gantt had established that a reasonable jury could find he had a sincerely held religious belief, she found that he had not pointed to any evidence from which a reasonable jury could find that those beliefs conflicted with the Executive Order. Id. at 14–15. Therefore, the magistrate judge concluded that Gantt had not met his burden of establishing his prima facie case under a failure to accommodate theory. Id. After making this determination, the magistrate judge went on to add that, even if Gantt had established his prima facie case, summary judgment would still be appropriate because the City had met its burden of showing that it could not reasonably have accommodated Gantt's request without suffering an undue hardship. Id. at 15–21.

In his fifth and sixth objections, Gantt takes aim at the magistrate judge's conclusion that he had not established his prima facie case. See ECF No. 49 ¶¶ 5, 6. He contends:

5. The Court committed error when it determined that the Plaintiff had failed to present evidence that the Executive Order's employment requirement conflicts with his bona fide religious belief. This is an error in interpretation. "Individuals may practice their religion in any way they see fit, and it is not for the Court to say it is an unreasonable one. A showing of sincerity does not necessarily require strict doctrinal adherence to standards created by organized religious hierarchies."
6. The Court further errs in determining that the Plaintiff's belief was not enough to overcome the issue of "used fetal cell lines." It is not up to the court to determine if the belief is rational and specious. Summary Judgment on this point is in error.

Id. (footnotes omitted) (first quoting Davis v. Fort Bend Cnty., 765 F.3d 480, 486–87 (5th Cir. 2014); and then citing Cooper v. Gen. Dynamics, 533 F.2d 163, 166 n.4 (5th Cir. 1976)).

The court interprets these objections as challenging the magistrate judge's determination that Gantt's request for accommodation was not based on his legitimate, sincerely held religious beliefs. See id. Of course, this is very confusing because that is not what the magistrate judge concluded. In fact, the magistrate judge found just the opposite; she determined Gantt had shown that he had a sincerely held religious belief that prevented him from accepting a vaccine that was produced using aborted fetal cells. R&R at 13. To reiterate, the reason the magistrate judge recommended granting summary judgment against Gantt was because he had not pointed to any evidence to show that the COVID-19 vaccines were produced using aborted fetal cells and had therefore not pointed to any evidence showing that the City's requirement and his religious beliefs were in conflict with one another. Id. at 13–14.

It is incumbent upon the plaintiff to establish his prima facie case by pointing to evidence from which a reasonable jury could find, among other things, that an employment requirement conflicts with his religious beliefs. See Firestone, 515 F.3d at 312; see also Celotex Corp., 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). The court agrees with the magistrate judge that Gantt has not done so in this case because Gantt has failed to produce the requisite evidence—not

because the court doubts the sincerity of Gantt's religious convictions.  As such, Gantt's fifth and sixth objections are overruled, the court finds that Gantt has not pointed to evidence establishing his prima facie case of failure to accommodate under Title VII, and the court adopts this portion of the R&R.

In objections seven through sixteen, Gantt challenges the magistrate judge's determination that the City demonstrated it would face an undue hardship by granting Gantt's requested accommodation.  ECF No. 49 ¶¶ 7–16.  However, because the court determines that Gantt has not established his prima facie case, his claim fails, and the burden does not shift to the City to demonstrate an undue hardship.  See Firestone, 515 F.3d at 312 ("If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship." (emphasis added) (quoting Chalmers, 101 F.3d at 1019)).  The court therefore declines to reach this issue and grants summary judgment against Gantt on his first cause of action to the extent it is brought under a failure to accommodate theory.

### C. Disparate Treatment

Moving to Gantt's disparate treatment theory, the magistrate judge recommended granting summary judgment on this claim for multiple reasons.  R&R at 21–25.  Namely, in applying the applicable burden-shifting framework, the magistrate judge found that Gantt had not established a prima facie case because he had "not produced evidence showing that similarly situated police officers outside of his religion were treated differently."  Id. at 24.  Even if he had been able to establish a prima facie case, the magistrate judge found that summary judgment would still have been appropriate because

Gannt had "not produced evidence sufficient to show that [the City's] legitimate non-discriminatory reason for his suspension and termination—the failure to comply with the Executive Order's vaccination requirement—was pretext for religious discrimination." Id. at 24–25.

Gantt challenges these conclusions in objection seventeen:

> 17. The Court erred in failing to consider the Plaintiff's disparate treatment claim as the Defendant failed and refused to accommodate the firefighters[2] but chose to accommodate others. The Court failed and refused to consider the numerous facts as presented by the Plaintiff that clearly show a genuine issue of material fact as to the treatment received by the Plaintiff versus other employees.

ECF No. 49 ¶ 17 (footnote added).

The court finds that Gantt's objection seventeen is the type of general and conclusory objection which does not direct the court to a specific defect in the magistrate judge's reasoning and is thus insufficient to trigger de novo review. See Orpiano, 687 F.2d at 47. Though the objection indicates the magistrate judge did not consider all of the necessary facts, it does not indicate which facts she did not consider or how those facts should have altered the magistrate judge's conclusion. See ECF No. 49 ¶ 17. The court therefore reviews the magistrate judge's recommendation regarding Gantt's disparate treatment theory for clear error. See Orpiano, 687 F.2d at 47; Elijah, 66 F.4th at 460. Finding none, the court adopts this section of the R&R and grants summary judgment on Gantt's disparate treatment claim.[3]

---

[2] Though Gantt's objection refers to "firefighters," the court infers that Gantt meant police officers.

[3] Even if Gantt's objection were sufficient to trigger de novo review, the court would still grant summary judgment on his disparate treatment claim. As best the court can tell, the only place where Gantt argued that the City treated him dissimilarly from other employees was on page twenty-seven of his response brief. See ECF No. 41 at 27. It appears that he was referencing the deposition testimony of Ashley Wimberley, the

### D. Retaliation

Finally, Gantt objects to the magistrate judge's recommendation that the court grant summary judgment on his retaliation claim. ECF No. 49 ¶ 18. Objection eighteen states:

> 18. The Court erred in finding that the Plaintiff was not subjected to retaliation. As the Plaintiff clearly presented, there is a genuine issue of material fact as to the actual reason for his termination. As presented, the Plaintiff met the burden of a prima facia case, and the Court refused to consider those elements. The Plaintiff presented a genuine issue of material fact when the chief refused to discuss the denial of the religious accommodation.

Id.

Much like his previous objection, the court finds that this general and conclusory objection is insufficient to direct the court's attention to a specific error in R&R.[4] See

---

City's Director of Human Resources. See id. at 26–27 & n.89; 41-8 at 4:8–10. Wimberley did indeed testify that the City granted accommodations for other employees. See ECF No. 41-8 at 10:22–25. However, those employees were from outside of the police and fire departments, and Wimberley could not recall the positions of these other employees. Id. at 10:22–11:23. Thus, this evidence does not show that the City treated Gantt differently from "similarly situated employees," as is required for Gantt to make his prima facie case. See Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 U.S. 30 (2012) (emphasis added). Beyond that, even if Gantt had pointed to specific facts from which a jury could find the City treated other similarly situated employees dissimilarly, his objection does not address the magistrate judge's alternative conclusion that he had not shown that the City's non-discriminatory reason for his termination was pretextual. See ECF No. 49 ¶ 17.

[4] To the extent Gantt argues, in objection eighteen, that the magistrate judge failed to adequately consider Gantt's conversations with the chief of police, the court disagrees. The magistrate judge considered this evidence:

> For purposes of this Motion, the undersigned will assume, without deciding, that there is a question of fact as to whether Plaintiff's complaints to the Chief and other officers about the vaccine mandate constitutes protected activity. However, the undersigned finds that Plaintiff has not presented evidence sufficient to establish a causal connection between any protected activity and any adverse action, such that Plaintiff cannot establish a prima facie case of retaliation . . . . Thus, Plaintiff cannot show that his

13

Orpiano, 687 F.2d at 47; Elijah, 66 F.4th at 460.  The court finds no clear error in the magistrate judge's recommendation regarding Gantt's retaliation claim, adopts that portion of the R&R, and grants summary judgement against Gantt on that claim.

### IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R and **GRANTS** the City's motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 30, 2024**
**Charleston, South Carolina**

---

termination was causally related to his post-Executive Order request for religious exemption or conversations with other officers or the Police Chief.

R&R at 27.  Gantt has not argued that this portion of the magistrate judge's reasoning was erroneous, and court finds that the magistrate judge adequately considered the evidence in the record and correctly applied the law in light of that evidence.  See ECF No. 49 ¶ 18.  Thus, even if Gantt's claim was sufficient to trigger de novo review, the court would still grant summary judgment on Gantt's retaliation claim.